**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LYNDA GOMEZ, individually and on behalf of all others similarly situated ) ) ) Plaintiff, ) ) v. ) ) MIDLAND FUNDING, LLC, MIDLAND ) CREDIT MANAGEMENT, INC. and ) BLATT, HASENMILLER, ) LEIBSKER & MOORE, LLC ) Defendants. ) | FILED: MAY 27, 2008<br>08CV3042       TG<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE BROWN<br><br>JURY DEMANDED |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1. Plaintiff Lynda Gomez brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Midland Funding, LLC, and its attorneys Blatt, Hasenmiller, Leibsker & Moore, along with Midland Credit Management, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiff alleges that defendant systematically engaged in filing lawsuits on time-barred debts which it purchases for a few cents on the dollar.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. 1332(d) (special class action provision), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction). The amount in controversy, on a classwide basis, exceeds $5 million.

5. Venue and personal jurisdiction in this District are proper because: (a) Defendants' collection communications and activities impacted plaintiff within this District, and (b) Defendants do business within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

7. Defendant Midland Funding LLC ("Midland") is a limited liability company chartered under Delaware law. Its principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123. Its address for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8. Defendant Midland is in the business of taking title to charged-off debts allegedly owed by consumers, including large amounts of credit card debts, for a small fraction of face value and enforcing the debts against the consumers.

9. Defendant Midland is a "debt collector" as defined in the FDCPA.

10. Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") is a law firm organized as a limited liability company with offices at 125 S. Wacker Drive, Suite 400, Chicago, Illinois 60606.

11. BHLM's practice consists primarily of the collection from consumers of debts allegedly owed to others, through use of the mails, telephones, and legal proceedings.

12. BHLM is a debt collector as defined in the FDCPA.

13. Defendant Midland Credit Management ("MCM") is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

14. MCM transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

15. Defendant MCM is a collection agency and collects the charged-off debts held in the names of Midland and other related entities.

16. Defendant MCM is a "debt collector" as defined in the FDCPA.

**FACTS**

17. On January 7, 2008, Midland filed a lawsuit against plaintiff in the Circuit Court of Cook County, case number 2008 M1 100783. Midland was represented by BHLM.

18. The alleged credit card debt that defendants sought to collect from plaintiff went into default more than five years prior to January 7, 2008.

19. On information and belief, Midland's records on January 7, 2008, indicated that the alleged debt had gone into default more than five years prior to January 7, 2008.

20. On information and belief, BHLM's records on January 7, 2008, indicated that the alleged debt had gone into default more than five years prior to January 7, 2008.

21. On information and belief, MCM's records on January 7, 2008, indicated that the alleged debt had gone into default more than five years prior to January 7, 2008.

22. Midland has been the plaintiff in more than 2,000 collection actions against

Illinois residents since January 1, 2006.

23. On information and belief, complaints filed by Midland on credit card debts in Illinois courts never have attached to them a contract signed by the putative debtor.

24. On information and belief, all collection files on which Midland has filed suit in Illinois since January 1, 2006 contain, in electronic form:

   a. The date of last payment allegedly made by the debtor; and

   b. The date of delinquency that resulted in the debt being charged off.

25. The statute of limitations applicable to an action on a contract that is not wholly in writing under Illinois law is five years. 735 ILCS 5/13-205. *Parkis v. Arrow Financial Services*, LLC, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008); *Nicolai v. Mason*, 118 Ill. App. 3d 300; 454 N.E.2d 1049 (5th Dist. 1983).

26. Under Illinois law, for there to be "written contract" the writing be "complete," in that it identifies the parties, states the date of the agreement; contains the signatures of the parties; and sets forth all terms of the parties' agreement. *Brown v. Goodman*, 147 Ill.App.3d 935, 940, 498 N.E.2d 854 (1st Dist. 1986). "The test for whether a contract is written under the statute of limitations in Illinois is not whether the contract meets the requirements of the Statute of Frauds, but whether all essential terms of the contract, including the identity of the parties, are in writing and can be ascertained from the written instrument itself." *Brown v. Goodman*, supra, 147 Ill. App. 3d at 940-41. If any essential element of the contract is omitted from the writing, "'then the contract must be treated as oral for purposes of the statute of limitations.'" *Armstrong v. Guigler*, 174 Ill. 2d 281, 288, 673 N.E.2d 290, 295 (1996).

27. If nothing amounting to a contract wholly in writing is attached to the

complaint pursuant to 735 ILCS 5/2-606, it is presumed that the contract is not wholly in writing. *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 428, 243 N.E.2d 855 (1st Dist. 1968) ("The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not."); *O.K. Electric Co. v. Fernandes*, 111 Ill.App.3d 466, 444 N.E.2d 264, 266-67 (2nd Dist. 1982) ("Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract.").

28. Furthermore, a contract is not wholly in writing if it is subject to change from time to time by means of one party sending terms to the other and the other continuing to vdo business or failing to object. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990); *Classified Ventures, Inc. v. Wrenchead, Inc.*, 06 C 2373, 2006 U.S. Dist. LEXIS 77359 (N.D.Ill., October 11, 2006). This is because parol evidence is necessary to show what terms were sent from time to time and that the putative debtor accepted them by continuing to do business.

29. Midland regularly files suit against Illinois residents on credit card debts that (a) have been in default more than five years, as measured by the later of the date of last payment or the charge - off date, (b) attach no contract signed by the debtor. Furthermore, the credit cards were originally issued by banks which conducted business by notifying the consumer periodically of new terms, which terms were accepted by the consumer either continuing to do business or failing to object.

30. Defendant Midland intentionally filed suit on credit card debts that allegedly went into default more than five years previously, claiming that it had ten years to file suit.

31. Midland included in its complaint at Ex. 1 an affidavit from a person

5

employed by MCM named Elizabeth Neu, which states that "the final statement of account reveals that the defendant owed a balance of $2,008.44 on 2006-11-20...."

32. Plaintiff does not recall receiving such a statement on or around November 20, 2006.

33. On information and belief, a "final statement of account" that "reveals that the defendant owed a balance of $2,008.44 on 2006-11-20" did not exist in paper form when the affidavit was signed.

34. If a final statement of account existed at the time of signing of the affidavit, it should have been attached to the affidavit.

35. On information and belief, MCM's statement was intended to induce the reader of the affidavit to believe that Midland's account had been charged off later than it actually was.

36. MCM materially participated in Midland and BHLM's collection attempts with respect to plaintiff and the class.

37. All three defendants worked in concert to file and pursue the lawsuit against plaintiff complained of herein.

### COUNT I – FDCPA

38. Plaintiff incorporates paragraphs 1-37. This count is against all defendants.

39. The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

40. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
>> **(2) The false representation of– (A) the character, amount, or legal status of any debt;**
>> **\*\*\***
>> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>> **\*\*\***
>> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

41. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . .**

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

43. The class consists of (a) all individuals (b) against whom defendant Midland filed a lawsuit in Illinois, (c) where Midland was represented by BHLM, (d) to collect an alleged credit card debt (e) where the later of the "date of delinquency" or "date of last payment", according to the records of Midland, was more than five years prior to the filing at the time of filing, (f) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

44. Plaintiff alleges a subclass consisting of all class members identified in the

previous paragraph for whom MCM signed an affidavit in the form attached to the complaint against plaintiff where the date of the "final statement of the account" listed is after the final account statement sent to the alleged debtor by the original creditor.

45. The class is so numerous that joinder of all members is not practicable.

46. On information and belief, there are more than 50 individuals in the class as defined above.

47. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the FDCPA.

48. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

49. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

50. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)  Actual damages;

(2)  Statutory damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## **COUNT II – ILLINOIS COLLECTION AGENCY ACT**

51. Plaintiff incorporates paragraphs 1-50. This count is against all defendants.

52. Defendants are each a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., as amended effective January 1, 2008.

53. Effective January 1, 2008, "collection agency" in 225 ILCS 425/2 was defined to include "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." (Emphasis added)

54. In addition, 225 ILCS 425/2.02 now defines "collection agency " to mean "any person, association, partnership, corporation, or legal entity who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt".

55. Finally, 225 ILCS 425/3 was amended to provide that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it: . . . (d) Buys accounts, bills or other indebtedness and engages in collecting the same . . . ." Previously 225 ILCS 425/3 had provided that one was a "collection agency" if one "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same . . . ."

56. The purpose of the additions and changes to the Illinois Collection Agency Act quoted above was to bring within the definitions "debt buyers" such as Midland, which purchase

9

delinquent debts for their own account and collect them.

57. By filing and prosecuting suits on time-barred debts, Midland violated the following provisions of 225 ILCS 425/9(a), which defines violations of the Collection Agency Act: . . . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . . (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public. . . .

58. There is a private right of action for violation of the Collection Agency Act. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

59. Plaintiff was damaged as a result of defendant's violations.

60. Defendants' violations were intentional and malicious.

## **CLASS ALLEGATIONS**

61. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

62. The class consists of (a) all individuals (b) against whom defendant Midland filed a lawsuit in Illinois, (c) to collect an alleged bank-issued credit card debt (d) where the later of the date of delinquency or date of last payment, according to the records of Midland, was more than five years prior to the filing at the time of filing, (e) which lawsuit was pending at any time after January 7, 2008.

63. Plaintiff alleges a subclass consisting of all class members identified in the previous paragraph for whom MCM signed an affidavit in the form attached to the complaint against plaintiff where the date of the "final statement of the account" listed is after the final account statement sent to the alleged debtor by the original creditor.

64. The class is so numerous that joinder of all members is not practicable.

65. On information and belief, there are more than 50 individuals in the above defined class.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of filing time-barred complaints and whether such practice violates the Collection Agency Act.

67. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

68. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

69. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1) Compensatory damages;

(2) Punitive damages;

(3) An injunction against further violations;

(4) Costs;

(5) Such other and further relief as is appropriate.

                                              Respectfully submitted,

                                              /s/Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

## JURY DEMAND

Plaintiff demands a trial by jury.

                                              Respectfully submitted,

                                              /s/Keith J. Keogh

# Exhibit 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT, COOK COUNTY

**08M1-100783**

MIDLAND FUNDING LLC
        Plaintiff

vs.

LYNDA GOMEZ

        Defendant(s)

No:

Amount Claimed: $2008.44 + costs

Return Date: ~~1/3/07~~ FEB 1 4 2008

## COMPLAINT

The Plaintiff, MIDLAND FUNDING LLC, claims as follows:

1. Plaintiff, MIDLAND FUNDING LLC, is a limited liability company and the Defendant(s), LYNDA GOMEZ, is a resident of COOK County, Illinois.

2. The Defendant(s), LYNDA GOMEZ, opened a(n) MASTERCARD account with EMERGE MASTERCARD, account number [redacted]

3. The Defendant(s), LYNDA GOMEZ, did make purchases and charged same to the account, but the Defendant failed to make the monthly payments called for on the account. There is an account stated in the amount of $2008.44. See clients affidavit attached here to as Plaintiff's Exhibit No. 1.

4. Plaintiff, MIDLAND FUNDING LLC, is the successor in interest of said account from EMERGE MASTERCARD having purchased said account in the regular course of business in good faith and for value.

5. The Defendant(s), LYNDA GOMEZ, is in default on the account and Plaintiff, MIDLAND FUNDING LLC, demands payment of this balance.

WHEREFORE, the Plaintiff, MIDLAND FUNDING LLC, prays for judgment against the Defendant(s), LYNDA GOMEZ, in the amount of $2008.44 plus costs.

                                                *[signature]*
                                        ATTORNEY FOR PLAINTIFF

Blatt, Hasenmiller, Leibsker & Moore, LLC
Attorney for Plaintiff
125 S. Wacker Dr., Suite 400
Chicago, Illinois 60606-4440
(866)269-9858
Ref# 1949221    PLTCOMPI

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

1949221

Form 409 (Illinois & Indiana)

State of _____ )
                    ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding LLC,
                    Plaintiff

Vs.                                         Affidavit

GOMEZ, LYNDA,
                    Defendant

After first being sworn upon oath, ELIZABETH NEU, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding LLC. I make the statements herein based upon my personal knowledge. Midland Funding LLC is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number ██████, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC were retained on Midland Funding LLC - Midland Funding LLC behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC the sum of $2,008.44.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's EMERGE MASTERCARD account number, ██████, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $2,008.44 on 2006-11-20; and that such balance will continue to earn interest at a rate of ____% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 8 day of June, 2007.

ELIZABETH NEU

_Elizabeth Neu_ (signature)
Affiant's Signature

Ex #1

Form 409 (Illinois & Indiana)

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 08 day of June 2007 by ELIZABETH NEU personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)



Judy Ann Richter
Notary Public-Minnesota
My Commission Expires Jan. 31, 2010

Notary Public for the State of Minnesota

IL21
BLATT, HASENMILLER, LEIBSKER & MOORE



Ex #1